**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUAN MORALES, ) <br> ) <br> Defendant. ) <br> _____) | CRIMINAL ACTION <br><br> No. 09-20034-02-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion Of Defendant Juan Morales For Reconsideration Of Detention Pending Trial With Suggestions In Support (Doc. #77) filed October 9, 2009. On October 19, 2009, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On February 19, 2009, a criminal complaint charged defendant with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute 100 kilograms or more of marijuana. See Criminal Complaint (Doc. #1). After a detention hearing, Magistrate Judge James P. O'Hara ordered that defendant be detained pending trial. See Detention Order (Doc. #22).[1]

## Standard Of Review

Defendant may seek review of a magistrate judge's detention order. See 18 U.S.C. § 3145(b). The district court reviews that order *de novo*. See United States v. Cisneros, 328 F.3d

---

[1] On March 18, 2009, a grand jury returned a two-count indictment which included the same charges against defendant. See Indictment (Doc. #25).

610, 616 n.1 (10th Cir. 2003); United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

-2-

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community). The indictment charges defendant with conspiracy to distribute and possess with intent to distribute more than 100 kilograms grams of marijuana and possession with intent to distribute 100 kilograms or more of marijuana. Both counts carry a minimum term of 5 years and a maximum term of 40 years, thereby triggering the rebuttable presumption for detention. See United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by the statute to trigger the presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in the particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Id. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the

court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)).  The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

The government must prove risk of flight by a preponderance of the evidence.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  See 18 U.S.C. § 3142(f).

**Analysis**

Based on the parties' request, the Court incorporates the Pretrial Services Report and addendum, the factual assertions in defendant's motion to reconsider and the record of the proceedings conducted by the magistrate judge.

On February 13, 2009, in connection with routine drug interdiction duties, DEA agents determined that Taurino Cereceres-Morales, a suspected supplier or purchaser of large quantities of marijuana, was staying at a Best Western hotel in Kansas City, Kansas.  On several occasions between February 13 and 15, officers observed Juan Morales, who was driving a black Nissan Maxima, pick up Cereceres-Morales at the Best Western hotel and go to various locations including a restaurant and a local department store.

On February 17, 2009, officers saw Juan Morales, who was driving the black Nissan Maxima along with a passenger Jesus Robles, pick up Cereceres-Morales at the Best Western hotel and drive to a restaurant before returning to the hotel and dropping off Cereceres-Morales. Later that day, officers saw Robles driving a U-Haul truck (along with Cereceres-Morales as a passenger) traveling in tandem with Juan Morales, who was driving the black Nissan Maxima, to the Yellow Freight facility in Kansas City, Missouri. The individuals received a pallet of boxes which were loaded in the U-Haul truck. The three individuals returned to a residence in Kansas City, Kansas where they unloaded the boxes from the truck into a garage. In the boxes, officers discovered approximately 221 pounds of marijuana.

A. <u>Nature And Circumstances Of The Offense</u>

As noted, both counts carry a maximum term of 40 years in prison, thereby triggering the rebuttable presumption for detention. This factor favors detention.

B. <u>Weight Of The Evidence</u>

The government has presented strong evidence that defendant committed the charged offenses on February 17, 2009. Defendant does not contest this evidence. The weight of evidence favors detention.

C. <u>History And Characteristics Of Defendant</u>

Defendant is 29 years old. Most of defendant's family, including his parents, two brothers and two sisters, reside in Mexico. Defendant has a close friend, Jose Salas, who resides in Kansas City, Kansas and who is willing to co-sign a release bond.

Defendant does not have a stable employment history. Defendant works in construction, but he had reportable earnings of only $3,083 in 2008. When law enforcement officers arrested

defendant, he apparently received unemployment benefits. Salas states that he will employ defendant, but he indicates that he could only do so for one or two hours per day.

Defendant has limited ties to Kansas City, Kansas. At the same time, except for one charge for an open liquor container, defendant has no criminal history. This factor slightly favors release.

### D. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Although the government has not shown that defendant would pose a risk of physical danger to the community, the high risk that defendant will commit additional crimes involving drug distribution is sufficient to detain defendant. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). Based on evidence that defendant was involved with the shipment of a large amount of marijuana, the Court cannot predict that defendant would abandon his criminal activities.

### E. Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure the safety of the community. The government has carried its burden of proving that pretrial detention of defendant is warranted.

**IT IS THEREFORE ORDERED** that the Motion Of Defendant Juan Morales For Reconsideration Of Detention Pending Trial With Suggestions In Support (Doc. #77) filed October 9, 2009 be and hereby is **OVERRULED**.

Defendant shall remain detained pending trial.

Dated this 23rd day of October, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge