**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 09-20034-02-KHV** |
| **JUAN MORALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 18, 2009, a grand jury charged Taurino Cereceres-Morales, Juan Morales and Jesus Robles with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). See Indictment (Doc. #25). On July 1, 2009, the Court held a hearing on the Motion Of Defendant Robles To Suppress Marijuana Seized In Violation Of His Fourth Amendment Rights (Doc. #37) filed May 13, 2009. On July 7, 2009, the Court overruled that motion to suppress. Trial is set for December 7, 2009.

The deadline for filing pretrial motions expired on May 14, 2009. See Order (Doc. #34). On October 21, 2009, however, Morales filed a notice that his attorney would also file a motion to suppress within five days. See Doc. #85. To the notice, he attached a pro se motion to suppress. At a hearing on December 1, 2009, Morales informed the Court that he still wanted to pursue that motion to preserve the issue for appeal. Because counsel has tendered a factual basis for the motion, the Court construes the notice (Doc. #85) filed October 21, 2009 as a motion to suppress. For reasons stated below, the Court overrules defendant's motion.

**Analysis**

Defendant apparently argues that in violation of his rights under the Fourth Amendment, law enforcement unlawfully searched boxes of cookies and marijuana which he was holding as a bailee. Initially, the Court finds that defendant lacks standing because the evidence does not establish that he had possession of the boxes or a reasonable expectation of privacy in them. Indeed, defendant denies that he had lawful possession of the boxes. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Fourth Amendment rights are personal and cannot be claimed vicariously. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Valdez, 333 F.3d 1206, 1208 (10th Cir. 2003). Given the personal nature of the interest, standing is a matter of substantive Fourth Amendment law. Rakas, 439 U.S. at 140. Standing inquiries thus turn on the classic Fourth Amendment test: (1) whether defendant manifested a subjective expectation of privacy in the area searched and (2) whether society is prepared to recognize that expectation as objectively reasonable. Valdez, 333 F.3d at 1208-09; United States v. Allen, 235 F.3d 482, 489 (10th Cir. 2000); United States v. Benitez-Arreguin, 973 F.2d 823, 827 (10th Cir. 1992). Defendant bears the burden to show that he had a legitimate expectation of privacy in the invaded place. See United States v. Gordon, 168 F.3d 1222, 1226 (10th Cir.), cert. denied, 527 U.S. 1030 (1999); see also United States v. Eckhart, Nos. 07-4216, 07-4022, 2009 WL 1841695, at *8 (10th Cir. June 29, 2009) (proponent of motion to suppress has burden to show that his own rights were violated by challenged search); Allen, 235 F.3d at 489 (same).

Defendant here apparently asserts that as a bailee of the boxes, he had lawful possession of

the containers and a legitimate expectation of privacy in them.[1] Defendant asserts that Joel Arequin owned the residence and he merely rented one room from Arequin. Even if the Court assumes that Morales had physical possession of the boxes, mere physical possession or control of property is not sufficient to establish standing to object to a search of that property. United States v. Conway, 73 F.3d 975, 979 (10th Cir. 1995); United States v. Arango, 912 F.2d 441, 444-446 (10th Cir. 1990), cert. denied, 499 U.S. 924 (1991). A defendant who asserts that he had lawful possession of searched property bears the burden to show that his possession of the property was lawful, i.e. that he gained possession of the property from the owner or someone with authority to grant permission. Benitez-Arreguin, 973 F.2d at 828; Arango, 912 F.2d at 445.

DEA agents saw Morales and Arequin help unload boxes from a U-Haul truck and place them in the garage of Arequin's residence. This limited observation, however, does not establish (1) that Morales gained possession of the boxes from someone with authority to grant permission or (2) that Morales had possession of the boxes when agents seized them in the garage of Arequin's residence.[2] Defendant has not met his initial burden to show lawful possession of the searched property. See Benitez-Arreguin, 973 F.2d at 828; see also Eckhart, 2009 WL 1841695, at *9 (defendant lacks standing without link between himself and registered owner of vehicle); Valdez Hocker, 333 F.3d at 1209 (mere possession of car and car keys does not suffice to establish legitimate possessory interest); Conway, 73 F.3d at 979 (possession of motel room key and

---

[1] Again, defendant has expressly disclaimed any lawful possession of the containers.

[2] Robles acquired the boxes from Cereceres-Morales, who had picked them up from a Yellow Freight depot. The boxes were addressed to Luis Perez, and the record is devoid of evidence that Yellow Freight had lawful authority to release them to Cereceres-Morales or that Cereceres-Morales had lawful authority to release them to Morales.

knowledge of registered occupant's first name insufficient to establish status as guest and standing to contest search); United States v. Rascon, 922 F.2d 584, 586-87 (10th Cir. 1990) (fact that friend loaned car to defendant insufficient to show that friend had lawful possession of car), cert. denied, 500 U.S. 926 (1991); United States v. Erwin, 875 F.2d 268 (10th Cir. 1989) (no standing where defendant did not introduce evidence to establish legitimate possession of vehicle). The Court therefore overrules defendant's motion to suppress.

Even if Morales could show lawful possession of the boxes, he has not shown that he manifested a subjective expectation of privacy in the boxes. Indeed, Morales apparently asserts that he rented only a bedroom in the residence and did not have authority over items in the garage. Moreover, Morales (as well as Cereceres-Morales and Robles) affirmatively denied owning the boxes and did not claim any other possessory interest as bailees or otherwise. See Notice (Doc. #85) at 11 (Cereceres-Morales, Morales and Robles denied ownership of packages); United States v. Anderson, 284 Fed. Appx. 977, 979-80 (3d Cir. 2008) (defendant voluntarily abandoned interest in safe through repeated denials of ownership); United States v. Miller, 274 Fed. Appx. 567, 568 (9th Cir. 2008) (defendant did not have reasonable expectation of privacy in bag where he denied ownership and relinquished control over bag); United States v. Denny, 441 F.3d 1220, 1228 (10th Cir.) (by denying ownership, defendant voluntarily relinquished reasonable expectation of privacy), cert. denied, 549 U.S. 914 (2006); United States v. Torres, 949 F.2d 606, 608 (2d Cir. 1991) (otherwise legitimate privacy interest may be lost by disclaiming or abandoning property, especially when actions or statements disavow any expectation of privacy). Defendant has not explained the terms of his alleged bailment or what duty he had after he and/or Areguin accepted the boxes and placed them in the garage. See Rakas, 439 U.S. at 134 (person aggrieved by illegal search of

another's premises or property suffers no Fourth Amendment violation); United States v. Wood, 6 F. Supp.2d 1213, 1223 (D. Kan. 1998) (defendant who is neither sender nor addressee lacks privacy right in package and cannot assert Fourth Amendment challenge); United States v. Cantrall, 762 F. Supp. 875 (D. Kan. 1991) (defendant cannot challenge search of package where he was not addressee and exhibited no expectation of privacy in it). Because the boxes were addressed to "Luis Perez," and defendant maintains that Perez was the intended recipient, defendant does not have a reasonable expectation of privacy in contents of the boxes. See Doc. #85 at 16-17; United States v. Robinson, 2007 WL 601936, at *4 (M.D. Ala. 2007) (defendant had no standing to contest search of package addressed to another individual); United States v. Watson, 551 F. Supp. 1123 (D.D.C. 1982) (whatever defendants' privacy expectations for letter might have been – had it been addressed to them – Fourth Amendment does not protect any interest in keeping it sealed because neither defendant purported to be addressee); cf. United States v. Villarreal, 963 F.2d 770, 774-75 (5th Cir. 1992) (individuals may assert reasonable expectation of privacy in packages addressed to them under fictitious names); United States v. Richards, 638 F.2d 765, 769-70 (5th Cir. 1981) (defendant had standing to contest search of package addressed to him under fictitious name). Accordingly, defendant does not have standing to contest the search.

**IT IS THEREFORE ORDERED** that the Notice (Doc. #85) filed October 21, 2009, which the Court construes as a motion to suppress, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that **any further motion to suppress shall be filed no later than 5:00 PM on December 4, 2009 and the Court will hear that motion at 8:30 AM on December 7, 2009 in Courtroom 476**.

Dated this 3rd day of December, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge